IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Phillip Lee Huey, as Personal Representative of the Estate of Tecora Huey Young, Deceased, | ) ) ) ) | C.A. No. 7:09-1058-HMH |
| Plaintiff, | ) ) ) | **OPINION & ORDER** |
| vs. | ) ) | |
| Duke Energy Carolinas, LLC; The South Carolina Department of Natural Resources, an agency or political subdivision of the State of South Carolina; and Gaffney Board of Public Works, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court for sua sponte review to determine whether subject matter jurisdiction exists in this case. For the reasons set forth below, the court lacks subject matter jurisdiction and dismisses this action.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On April 22, 2009, the Plaintiff filed the instant action against the Defendants in federal court. The complaint alleges that on October 18, 2008, Tecora Huey Young drowned after leaving a birthday party driving her vehicle, taking a wrong turn, and driving into the "Big Bay Area" of the Broad River Basin via a boat ramp. (Compl. ¶ 15.) The complaint alleges a cause of action for negligence against the Defendants. On June 2, 2009, the court ordered Duke Energy Carolinas, LLC ("Duke Energy") to provide the citizenship of its members for purposes

of determining whether diversity jurisdiction is present. Duke Energy filed its reply to the court's order on June 12, 2009.

## II. Discussion of Law

The Plaintiff filed this action in federal court alleging diversity jurisdiction as the basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332. (Compl. ¶ 6.) Federal courts are courts of limited jurisdiction. If subject matter jurisdiction is lacking, the court must dismiss the action whether sua sponte or upon the motion of a party. Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 219 (4th Cir. 2001). Both the Plaintiff and Duke Energy are citizens of North Carolina. (Compl. ¶¶ 1, 2, 13.) Therefore, diversity of citizenship is lacking in this case. See Rosmer v. Pfizer, Inc., 263 F.3d 110, 123 (4th Cir. 2001).

However, in response to this court's order regarding Duke Energy's citizenship, Duke Energy states that "it believes jurisdiction exists as the plaintiff has asserted the violation of the Recreational Enhancement Plan [("REP")] allegedly in connection with a license issued by the Federal Energy Regulatory Commission [("FERC")] so federal question jurisdiction exists over a state claim (as the state law claim raises a contested federal issue) and a federal question also exists due to these circumstances." (Duke Energy Resp. Jurisdiction 1.) "For the Court to have jurisdiction under [28 U.S.C.] § 1331, it must be clear from the face of a well-pleaded complaint that there is a federal question; the federal issue must exist as part of the plaintiff's cause of action." Discover Bank v. Vaden, 489 F.3d 594, 609 (4th Cir. 2007). A federal question is a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Plaintiff's complaint alleges a cause of action for negligence and asserts diversity jurisdiction. Based on a review of the complaint, no federal question exists.

Moreover, even if the Plaintiff's negligence claim raises a federal issue, it is not a substantial federal issue. "[I]n certain cases federal question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable & Sons Metal Prods. v. Darue Eng'g & Mfg., 545 U.S. 308, 312 (2005). "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Id. at 314. "[T]he absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the sensitive judgments about congressional intent that § 1331 requires." Id. at 318 (internal quotation marks omitted). The FERC regulations do not grant a private cause of action. "Indeed, a private right of action would be redundant, as FERC regulations allow for any person to file a complaint with the FERC for violation of any regulation." Pavelich v. Natural Gas Pipeline Co. of America, No. 02 C 3374, 2003 WL 22303140, at *3 (N.D. Ill. Oct. 8, 2003) (unpublished); 18 C.F.R. § 385.206. The complaint alleges a cause of action for negligence stating as follows:

> The death of Tecora Huey Young was a direct and proximate result of the combined and concurring willful, wanton, grossly negligent, reckless, negligent, and careless acts and/or omissions of each of the Defendants in the following particulars:
>
> a.  In failing to have proper advance warning signs notifying those traveling on the road approaching the boat ramp of the boat ramp and the dangerous condition then and there existing;
> b.  In failing to configure the approach to the boat ramp so as not to allow direct access down Sarratt Road into the throat of the ramp;
> c.  In failing to have the boat ramp barricaded during hours of darkness;
> d.  In failing to have the area surrounding the boat ramp properly lighted;
> e.  In failing to adequately review the Enhancement Plan for safety deficiencies in conjunction with the boat ramp;

> f. In failing to make proper recommendations to other associated governmental entities concerning safety deficiencies involving the boat ramp;
> g. In failing to propose safe alternatives to the design of the boat ramp and its approach as it then and there existed;
>
> all of which were in violation of the statutory and common laws of the State of South Carolina, as well as the regulations of the South Carolina Department of Transportation.

(Compl. ¶ 17.) The Plaintiff does not rely on a violation of a federal statute or regulation in the complaint. Further, to the extent the Plaintiff is relying on FERC regulations, reliance on violations of a federal statute or regulation to prove negligence does not establish federal question jurisdiction. In Grable, the United States Supreme Court discussed its earlier decision in Merrell Dow Pharmaceuticals Inc. v. Thompson, 478 U.S. 804 (1986), in which the Court found that federal question jurisdiction was lacking where the defendant argued that a substantial federal issue existed because the plaintiff's "state tort claim rest[ed] in part on the allegation that the defendant drug company had violated a federal misbranding prohibition, and was thus presumptively negligent under Ohio law." Grable, 545 U.S. at 316. The Court noted that

> [a] general rule of exercising federal jurisdiction over state claims resting on federal . . . statutory violations would thus have heralded a potentially enormous shift of traditionally state cases into federal courts. Expressing concern over the "increased volume of federal litigation," and noting the importance of adhering to "legislative intent," Merrell Dow thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law "solely because the violation of the federal statute is said to [create] a rebuttable presumption [of negligence] . . . under state law." In this situation, no welcome mat meant keep out.

Id. at 319 (internal citations omitted). Basically, "if the federal labeling standard without a federal cause of action could get a state claim into federal court, so could any other federal

standard without a federal cause of action. And that would have meant a tremendous number of cases." Id. at 318. In the instant case, the only arguable federal interest is that the Defendants were negligent because they violated FERC regulations or requirements related to the REP. However, this argument was expressly rejected in Merrell Dow. Based on the foregoing, there is no substantial federal interest at stake and, accordingly, this court lacks jurisdiction over this matter.

Therefore, it is

**ORDERED** that this case is dismissed without prejudice.

**IT IS SO ORDERED.**

                                                s/Henry M. Herlong, Jr.
                                                Senior United States District Judge

Greenville, South Carolina
June 18, 2009